PETER J. HAMILTON, Plaintiff and Appellee, v. MARY F. BOERMAN, Administratrix of the estate of CHARLES M. BOERMAN, Defendant and Appellant.

No. 3867. Argued May 7, 1926.—Decided June 3, 1926.

*Leopoldo Tormes* for the appellant. *Henry G. Molina* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This was an action to recover attorney's fees in the sum of one thousand dollars. Three hundred and fifty dollars were allowed by the judgment and the defendant appealed, assigning in her brief the commission of three errors.

The first assignment is that the district court acted without jurisdiction by reason of the amount involved. The amount of the fee depends on many circumstances and it is difficult to fix it with complete accuracy. The fact that the plaintiff's own witnesses estimated the value of the services at from three hundred to five hundred dollars is not decisive. Nor is the fact that the plaintiff agreed to accept three hundred dollars before bringing suit. A person may be willing to receive a sum less than the reasonable value of his services, but if by reason of the debtor's refusal to pay he is obliged to resort to the courts, he may demand the total value of them. In this case the plaintiff alleged under oath that his services were worth the sum of one thousand dollars and, analyzing the evidence as to the service rendered, we can see nothing extravagant or manifestly improper in his attitude. Therefore, the cases of *Hernández Mena* v. *Blanco,* 22 P.R.R. 719, and others of this court cited by the appellant are not applicable.

It seems proper to copy the following from a biographical study of Abraham Lincoln as a lawyer by William Eleroy Curtis in volume 5 of "Great American Lawyers," page 482, edited by William Draper Lewis:

498

"It was, however, the only time that Lincoln sued for a fee, and the circumstances were as follows. By its charter the Illinois Central Railroad was exempt from taxation on condition that it pay into the State treasury seven per cent of its gross earnings. The officials of McLean County contended that the legislature of the state had no authority to exempt or remit county taxes, and brought a suit against the road to compel payment. Lincoln defended the company, won the case, and presented a bill for two thousand dollars. An official of the railroad, whose name has been forgotten, declined payment on the ground that it was as much as a first-class lawyer would charge. Lincoln was so indignant that he withdrew the original bill of charges, consulted professional friends, and later submitted another for five thousand dollars with a memorandum attached, signed by six of the most prominent lawyers in the state, giving as their opinion that the fee was not unreasonable. As the company still refused to pay, Lincoln sued and recovered the full amount."

The second assignment of error relates to the testimony of three attorneys who were called to estimate the value of the services. Clearly, the court is not obliged to accept the opinion of an expert, but it is competent evidence to aid it in arriving at its opinion.

By the third assignment it is contended that the evidence showed that the plaintiff had previously been paid for his services. We do not agree. The evidence shows that as her attorney the plaintiff defended the interests of the defendant in Ponce in certain proceedings before an arbitrator and before the insular district court, for which services he was paid, and it shows further that the services involved in this action were rendered in a certain action in equity brought in the United States District Court for Porto Rico.

The fact that the question raised in the federal court was related with any one of those previously raised in the district court is to be considered, as it surely was by the trial court, in fixing the amount of the fees, inasmuch as it shows that the mental effort in the study of the question must have been less, but it can not be alleged that all necessary work had already been done. The plaintiff prepared the bill in equity and directed the case until judgment was rendered.

█ And the fact that the plaintiff's efforts as a lawyer resulted in no benefit to the defendant's cause or to the interests that she represented does not exclude the payment of fees. It may be another circumstance to be considered in fixing the amount, but it in no way affects the right to claim compensation for services rendered in good faith and with loyalty.

The judgment appealed. from must be affirmed.